No. 759

## HAWALENIC v. POTANIEC.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7656. Decided Nov. 1, 1926.

**First Publication of this Opinion.**

**489. EXEMPTION — Under 11738 GC.** "money, salary or wages, due to him from any person, partnership or corporation * * *" does not include money on deposit in a bank.

Error to Municipal Court.
Judgment affirmed.

Nally, Dally & Miller, Cleveland, for Hawalenic.

Moses Benjamin, Cleveland, for Potaniec.

### FULL TEXT.

LEVINE, PJ.

Plaintiff in error, who recovered a judgment against the defendant in error in the Municipal Court of the City of Cleveland, sought to subject to the collection of said judgment a certain banking account standing in the name of defendant in error in the sum of $162.50 on deposit in a local bank.

The defendant in error filed her demand for exemptions on the ground that she is a married woman living with her husband and three

minor children; that she owns no other property or chattels, and that the money on deposit with the bank is practically all the property she owns. The Municipal Court granted her claim for exemption. Error is prosecuted to said order of the Municipal Court.

Plaintiff in error contends that under section 11738 as amended, effective July 21, 1925, money on deposit with a bank cannot be exempted. Section 11738 as amended reads in part as follows:

"Husband and wife living together * * * and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property to be selected by such person or his attorney, before sale, not exceeding five hundred dollars in value * * *. Such selection and exemption shall not be made by the debtor, or his attorney, or allowed to him from money, salary or wages due to him from any person, partnership, or corporation * * *."

Counsel for plaintiff in error takes the view that money on deposit in a bank comes within the phrase of "money due from any person."

It is well settled in Ohio that laws exempting property from execution are to be construed liberally in favor of the person claiming exemption. State ex rel Coles, Jr. v. Shook, et al, 97 OS. 164.

It was clearly the intention of the legislature to protect families to the extent of Five Hundred Dollars. If plaintiff's view were to be sustained, it would mean that in order that money be claimed as exemption, the party claiming it must have it in his actual or constructive possession, but the moment he deposits same in a bank it could no longer be claimed as exempt. This in our opinion would result in a harsh and arbitrary rule and be subversive of the purpose and policy of the exemption laws of Ohio. It is far more reasonable to hold that the legislature intended that all chattels, including money, can be claimed as exempt to the extent of Five Hundred Dollars, excepting salary or wages due to him from any person, because salary or wages is governed by another section of the Code. The phrase "money, salary or wages due to him from any person," must be reasonably construed to mean money due to him from any person, either by way of salary or wages.

We hold that the Municipal Court was correct in ruling as it did. The judgment of the Municipal Court will, therefore, be affirmed.

(Sullivan and Vickery, JJ., concur.)